WILKINS, Circuit Judge,
concurring:
I concur with the Court’s decision in full. I write separately to point out the District Court appeared to believe that the requisite standard of care could not be established with expert testimony regarding local, comparable facilities, because the plaintiff must proffer evidence of practices “across the nation.” See Casey v. Ward, 211 F.Supp.3d 107, 116 (D.D.C. 2016) (emphasis in original) (citing Beckwith v. Interstate Mgmt. Corp., LLC, 82 F.Supp.3d 255, 263-64 (D.D.C. 2016) (expert testimony of security practices of several hotels in Baltimore and Washington, D.C., areas “cannot be the basis of a ‘nationally recognized’ standard of care”)). Because the evidence in this, case was inadequate for several reasons,- we have no , need to reach the question, but I note that the evidentia-ry burden may not always require evidence from around the nation, as expressed by the District Court. See Novak v. Capital Mgmt. & Dev. Corp., 570 F.3d 305, 313 (D.C. Cir. 2009) (plaintiffs expert could opine that the standard of care required a nightclub ‘to have a security guard posted outside at closing time,' where he testified that four D.C. nightclubs followed that practice, and a former manager of the defendant club “was unable to name a single professionally run nightclub in the District that- does, not position security personnel outside”); Bell v. Jones, 523 A.2d 982, 988 (D.C. 1986) (notwithstanding the requirement of ’ a- “national standard of care” for surveyors, finding no error in admitting expert testimony where “there was no evidence that the- standard of care in the District was different in any respect from -that which might be applicable nationwide” and where “all of the pertinent events in this case occurred in the District of Columbia”).